**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MALAIKA WILLIAMS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-3717** |
| | : | |
| **LENOVO (UNITED STATES), INC.** | : | |

**MURPHY, J.** **October 26, 2026**

# MEMORANDUM

Malaika Williams and her husband are familiar pro se litigants in this court. As with some of their other cases, we find some involved legal questions arising from a modest dispute; this time, a single $1,499.00 laptop. It does not need to be this complicated. And yet, as has become a familiar exercise in the Williamses' cases, the parties have advanced a seemingly indiscriminate collection of legal arguments and left it to us to determine whether any might succeed. This time, before the court is defendant Lenovo's motion to dismiss Ms. Williams's first amended complaint in its entirety. We grant in part and deny in part.

## I. FACTUAL BACKGROUND

In November 2021, Ms. Williams purchased a Lenovo Yoga 9-14ITL5 convertible laptop manufactured by Lenovo, serial number PF35K4XZ (the "Laptop") for $1,499.00. DI 9 ¶ 14.[1] Ms. Williams alleges that along with the Laptop purchase came Lenovo's "Premium Care" warranty service, designated by Lenovo as "1Y Premium Care w/Onsite delivery," for a period of one year running from November 13, 2021 through November 12, 2022 (the "Premium Care Warranty"). *Id.* ¶ 18. Under the Premium Care Warranty terms, Lenovo stated that "[i]f our

[1] We draw the facts from plaintiff's complaint, whose allegations we accept as true for purposes of this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Finkelman v. Nat'l Football League*, 810 F.3d 187, 194 (3d Cir. 2016).

technicians are unable to fix your problem by phone, chat, or email, we'll send one over to implement the exact solution you need." *Id.* ¶ 19(c). Ms. Williams alleges that she never "executed, signed, or accepted" any separate warranty agreement beyond the Premium Care Warranty at purchase. *Id.* ¶¶ 22-23.

In the days immediately following the purchase, Ms. Williams alleges that she started experiencing technical issues where the Laptop would randomly enter a "sleep state" that required a hard shutdown and the loss of unsaved work (the Defect). *Id.* ¶ 24. Ms. Williams repeatedly contacted Lenovo to report the Defect and request its repair in accordance with the Premium Care Warranty. *Id.* ¶ 26. Ms. Williams alleges that, during the Premium Care Warranty period, Lenovo never offered in-person repair, but only remote-repair attempts, which were all unsuccessful. *Id.* ¶¶ 26-28.

Lenovo finally offered Ms. Williams physical repair in November 2023 and Ms. Williams promptly shipped her Laptop to Lenovo for repair. *Id.* ¶ 36. Lenovo worked on the Laptop for approximately two months before mailing it back to Ms. Williams in late January 2024. *Id.* ¶ 37. Ms. Williams alleges that the Defect remained unresolved. *Id.* On January 22, 2024, Lenovo, via a customer service representative, wrote to Ms. Williams inquiring how the Laptop was functioning after repair. *Id.* ¶ 38. On January 25, 2024, after Ms. Williams advised that the Defect was still present, the customer service representative told her that "[t]he engineers did their best effort to repair it under the current conditions" and that the "damage seems to truly be beyond economical repair." *Id.* ¶ 40. The representative then offered Ms. Williams a 10% discount for a replacement Lenovo product. *Id.*

## II. PROCEDURAL BACKGROUND

Ms. Williams originally sued Lenovo in federal court on June 26, 2025, alleging federal and state-law violations arising from the Defect and the lack of adequate repair efforts under the Premium Care Warranty. *See Williams v. Lenovo (United States) Inc.*, No. 25-3288, DI 1 (E.D. Pa. 2025). On October 31, 2025, Judge Diamond, after dismissing the federal claim in that case, dismissed the surviving state law claims without prejudice for lack of jurisdiction.[2] *Id.*, DI 17; DI 14-1. After that dismissal, Ms. Williams re-filed against Lenovo in the Philadelphia County Court of Common Pleas on March 27, 2026, alleging solely state-law violations. *See* DI 9 ¶ 58; DI 14-2. Ms. Williams moved for leave to amend her state-court complaint, but before that motion was resolved, Lenovo removed the action to this court on May 31, 2026. *See* DI 14-2; DI 14 at 15.[3] Lenovo promptly moved to dismiss the March 27 complaint in this court. *See* DI 6. Ms. Williams subsequently filed an amended complaint (FAC) in this court on June 19, 2026, rendering the motion to dismiss moot. *See* DI 9, 10.

The FAC alleges breaches of express and implied warranties, violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL), fraudulent misrepresentation and concealment, and, in the alternative, unjust enrichment. DI 9 ¶¶ 59-103. On July 7, 2026, Lenovo filed another motion to dismiss, which is the subject of this memorandum. DI 14. In its motion, Lenovo describes the FAC as improperly filed under

---

[2] Judge Diamond specifically concluded that Ms. Williams's state-law claims could not plausibly allege the requisite amount in controversy to retain diversity jurisdiction and, regardless of the diversity determination, that he declined to exercise pendent jurisdiction over those claims.

[3] We adopt the sequential pagination supplied by the CM/ECF docketing system.

Federal Rule of Civil Procedure 15(a)(2) and as failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 15-26. Lenovo also moved to strike Ms. Williams's demand for a trial by jury as improper under Federal Rules of Civil Procedure 12(f)(2) and 39(a)(2), and requested attorney's fees, costs, and sanctions pursuant to Federal Rule of Civil Procedure 11. *Id.* at 26-28.

## III. JURISDICTION

This court exercises diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). *See* DI 9 at 2. There is complete diversity of citizenship between Ms. Williams (Pennsylvania) and Lenovo (Delaware and North Carolina). *Id.* However, the amount in controversy presents an interesting issue. In the previously filed federal case in this dispute in front of Judge Diamond, Ms. Williams's prayer for relief consisted of compensatory damages ($2,500); emotional and physical distress ($25,000); and punitive damages ($75,000). *Williams v. Lenovo (United States) Inc.,* No. 25-3288, DI 1 at 19 (E.D. Pa. 2025). After dismissing federal claims, Judge Diamond determined that "[e]ven if, as alleged, [Ms. Williams] is entitled to compensatory damages for the laptop and treble damages under Pennsylvania's Uniform Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 et seq., Williams cannot plausibly allege that the amount in controversy in this action is more than $75,000." *Id.*, DI 17 at 4. In the present case, Ms. Williams similarly alleges an amount in controversy consisting of actual damages in the cost of the laptop ($1,499.00), treble damages under the UTPCPL, and punitive damages under common-law fraud claims, all totaling an "amount in excess of Seventy-Five Thousand Dollars." DI 9 at 29-30.

The same amount-in-controversy problems that Judge Diamond previously identified

exist here as well, but this time Lenovo, which now argues that the FAC "does not cure diversity jurisdiction deficiencies previously ruled upon" (DI 14 at 13), was the very party who removed this action to this court in the first place. *See* DI 1 ¶ 7 ("Plaintiff's Amended Complaint . . . shows both complete diversity of citizenship between the parties and avers an amount in controversy that exceeds the sum or value of $75,000.00"). Regardless of Lenovo's contradictory positions, this court has an independent obligation to examine its subject matter jurisdiction and must remand an action where such jurisdiction is lacking. *See* 28 U.S.C. § 1447(c).

Although claims for punitive damages warrant particular scrutiny when they constitute the bulk of the amount in controversy, the relevant inquiry is not whether Ms. Williams is likely to recover the jurisdictional amount, but whether it appears to a legal certainty that she cannot. *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007); *Johnson v. Mazada, LLC*, No. 24-961, 2024 WL 4700621, at *1 (E.D. Pa. Nov. 6, 2024). Although an award exceeding $75,000 in connection with a $1,499.00 laptop seems extraordinarily unlikely, we cannot conclude on this record that such recovery is foreclosed to a legal certainty. *See Huber v. Taylor*, 532 F.3d 237, 243 (3d Cir. 2008) ("Typically, the inability of a plaintiff to ultimately recover an amount adequate to give the court jurisdiction does not show bad faith, nor does it oust the court's subject matter jurisdiction"). Judge Diamond's previous order does not control the jurisdictional question here because the amount-in-controversy allegations and procedural posture have changed. *See Williams v. Lenovo (United States) Inc.*, No. 25-3288, DI 17 at 5 (E.D. Pa. 2025) (Diamond, J.). Accordingly, with some resignation, we find that the amount in controversy requirement is satisfied and that we retain subject-matter jurisdiction over this

matter.

## IV. DISCUSSION

Lenovo's motion advances several grounds for dismissing Ms. Williams's claims, both in whole and in part. These arguments, and the supporting record, reflect a dangerously underbriefed dispute that has become mired in procedural complexities wholly disproportionate to the controversy at its center. To ensure a complete record and, ideally, forestall further litigation over this already protracted dispute, we fully address each argument in turn.

### a. Rule 15

Lenovo first argues that Ms. Williams violated Federal Rule of Civil Procedure 15(a)(2) by filing the FAC without consent or leave. DI 14 at 15. Under Rule 15, a party may only amend its complaint as a matter of course once and, in all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1), (2). Lenovo argues that, although the FAC is the first amended complaint in this federal action, Ms. Williams had already filed a motion for leave to amend her state-court complaint in the underlying state court action, which included an attached proposed "First Amended Complaint." DI 14 at 15.

Rule 15 does not support this relief. Notwithstanding that Ms. Williams never actually filed an amended complaint in the state court action, but only moved for leave to file, the FAC at issue here is the first amendment that Ms. Williams has filed in this federal action and therefore she may amend that pleading as a matter of course, regardless of her state court filings. *See Mehdizadeh v. Starbucks Corporation*, No. 24-3339, 2024 WL 5440867, at *1 n.1 (E.D. Pa. July 29, 2024) (Beetlestone, J.); *Thomason v. Norman E. Lehrer, P.C.*, 182 F.R.D. 121, 128 n.2

(D.N.J. 1998). Lenovo's motion to strike Ms. Williams's FAC on these grounds is hereby denied. The FAC is the operative pleading.

**b. Rule 12(b)(6)**

**i. Statute(s) of Limitations**

The bulk of Lenovo's motion falls under Federal Rule of Civil Procedure 12(b)(6). Lenovo first argues that Counts I, II, IV, and V are barred by their applicable statutes of limitations. A statute of limitations defense under Rule 12(b)(6) is proper if the face of a complaint demonstrates that a plaintiff's claims are untimely. *See Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015). Under Pennsylvania law, the "statute of limitations begins to run as soon as the right to institute and maintain a suit arises." *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 84 (1983). The statute of limitations for breach of express warranty, breach of implied warranty of merchantability, and unjust enrichment (Counts I, II, V) is four (4) years. *See* 13 Pa. C.S. §§ 2725(a), (b); 42 Pa. C.S. §§ 5525(2), (4). The statute of limitations for fraudulent misrepresentation and concealment (Count IV) is two (2) years. 42 Pa. C.S. § 5524(7).

Ms. Williams originally filed her state-court complaint in this action on March 27, 2026, which is more than four years after the November 13, 2021, purchase date.[4] DI 9 ¶ 58; DI 14 at 16. Ms. Williams, in response, avers that four independent tolling grounds apply here to satisfy

[4] Surprisingly, neither party identifies the exact purchase date; both instead offer only that the sale occurred sometime in November 2021. *See* DI 9 at 6 ("On or about November 2021"); DI 14 at 16 ("[D]ate of sale in November of 2021"). Because the Premium Care Warranty's one-year term ran from November 13, 2021 to November 12, 2022, and because Plaintiff alleges that the warranty was "included as part of the Yoga at the time of sale," we assume for limitations purposes a purchase date and tender of delivery date of November 13, 2021. *See* DI 9 ¶ 17.

each statute of limitations. We address each in turn below.

1. 28 U.S.C. § 1367(d)

Ms. Williams first argues that the supplemental jurisdiction exercised in her original federal claim against Lenovo sufficiently tolled the statutes of limitations to survive dismissal. DI 16 ¶¶ 12-14. The period of limitations of any state-law claims asserted in federal court under supplemental jurisdiction "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed, unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d). This statute pauses the clock on a statute of limitations until 30 days after a state-law claim is dismissed by the federal court. *See Artis v. District of Columbia*, 583 U.S. 71 (2018).

Here, Ms. Williams originally filed her state-law claims in the previous federal court action on June 26, 2025. *See Williams v. Lenovo (United States) Inc.,* No. 25-3288, DI 1 (E.D. Pa. 2025) (Diamond, J.). Although Judge Diamond eventually dismissed those claims for lack of jurisdiction, they remained pending in that action for 127 days. *Id.*, DI 17. Ms. Williams's federal action therefore tolled the statute of limitations for each of her claims by 157 days.

2. The Repair Doctrine

Ms. Williams next argues that Pennsylvania's "repair doctrine" further tolls the relevant statutes of limitations. DI 16 ¶¶ 17-18. Pennsylvania courts have recognized a repair doctrine that tolls the applicable statute of limitations in disputes involving products where "the evidence reveals that repairs were attempted; representations were made that the repairs would cure the defects; and the complaining party relied upon such representations." *Gustine Uniontown Associates, Ltd. v. Anthony Crane Rental, Inc.*, 577 Pa. 14, 29 n.8 (2004); *Amodeo v. Ryan*

*Homes, Inc.*, 595 A.2d 1232, 1237 (Pa. Super. Ct. 1991).[5]

We conclude that the repair doctrine applies only to the depot repairs conducted by Lenovo between November 2023 and January 2024. *See* DI 9 ¶ 47(a). Lenovo disputes the existence of facts demonstrating representations and reliance during this time. DI 14 at 16-17. However, Ms. Williams specifically alleges that "Lenovo accepted physical possession of the Yoga for repair and represented that Lenovo would diagnose and repair the defect." DI 9 ¶ 36.[6] It is immaterial that the November 2023 repairs were outside of the applicable Premium Care Warranty period because Ms. Williams specifically alleges that she refrained from filing legal action against Lenovo because of her belief that Lenovo's repair would cure the defect. DI 9 ¶ 47(c); *see Amodeo v. Ryan Homes, Inc.*, 407 Pa. Super. 448, 461 (1991) ("[A] party who in good faith postpones filing suit in reliance upon the other party's assurances that repairs will be effective and litigation unnecessary should not be faulted for such reliance"). As such, it would be inappropriate to deny repair doctrine tolling at this stage given the specific language pleaded. *See Daley v. Penn State Foundation Services, LLC*, No. 853 WDA 2025, 2026 WL 1336063, at *3 (Pa. Super. Ct. May 13, 2026) ("[W]hether the statute of limitations is tolled under the repair doctrine is a question of fact.") (quoting *Keller v. Volkswagen of America, Inc.*, 733 A.2d 642,

---

[5] Although the Pennsylvania Supreme Court has "not definitively accepted or rejected the repair doctrine," we predict that it would apply the doctrine here given its "considerable acceptance in the Superior Court." *Gustine*, 577 Pa. at 29 n.8; *Rolick v. Collins Pine Co.*, 925 F.2d 661, 664 (3d Cir. 1991).

[6] Plaintiff also contends that the repair doctrine's representation element is satisfied by Lenovo's subsequent statement, through a customer service representative, that "the engineer completed repair" after the Laptop was returned in January 2024. *See* DI 9 ¶ 47(b). This statement does not represent that the underlying defect was cured and, in any event, it was made *after* the repairs were completed.

646 (Pa. Super. Ct. 1999)).

Ms. Williams, however, has not pleaded facts to support tolling throughout the prior period of remote repairs from 2021 to 2023. She alleges only that she repeatedly contacted Lenovo during the Premium Care Warranty term, that Lenovo offered remote sessions, and that those efforts failed to resolve the defect. *See* DI 9 ¶¶ 26–28. She does not identify when any session occurred, how many there were, or what Lenovo told her about whether a particular repair would cure the defect. Her conclusion that Lenovo represented that "each successive" update would address the issue during this time is unsupported by any specifically identified statement or communication. *See id.* ¶ 47(b). The January 2024 correspondence between Ms. Williams and Lenovo does not fill that gap: it contains only the January 22-25 correspondence concerning the later depot repair. DI 9-1 at 2-4; DI 9 ¶¶ 36-40. Without facts tying particular repair efforts and cure representations to identifiable periods, the FAC does not plausibly establish that the repair doctrine tolled the statute of limitations across the alleged 2021-23 period. The statutes of limitations must therefore be additionally tolled only for the approximately two months Lenovo took to repair the Laptop between November 2023 and January 2024.

3. The Discovery Rule

Ms. Williams next argues that the discovery rule further tolls the statutes of limitations. DI 16 ¶ 19. Under Pennsylvania's discovery rule, "the statute [of limitations] is tolled, and does not begin to run until the injured party discovers or reasonably should discover that he has been injured and that his injury has been caused by another party's conduct." *Fine v. Checcio*, 582 Pa. 253, 268 (2005). Ms. Williams alleges that, although she had discovered the Defect "within days

of first using the [Laptop] in or about November 2021," the discovery rule should nevertheless apply because she "could not have reasonably known the [Defect] was inherent and irremediable" until January 25, 2024, when Lenovo conceded the Laptop was beyond repair. DI 9 ¶ 24; DI 16 ¶ 19.

Pennsylvania's formulation of the discovery rule does not permit such argument. The "commencement of the limitations period is grounded on 'inquiry notice' that is tied to 'actual or constructive knowledge of at least some form of significant harm and of a factual cause linked to another's conduct, without the necessity of notice of the full extent of the injury, the fact of actual negligence, or precise cause.'" *Nicolaou v. Martin*, 649 Pa. 227, 248 (2018) (quoting *Gleason v. Borough of Moosic*, 609 Pa. 353, 362 (2011)). Because the FAC alleges notice of the Defect within days of purchase, there is no tolling under the discovery rule available here.

4. The doctrine of fraudulent concealment

Ms. Williams next argues that the doctrine of fraudulent concealment further tolls the limitations period. DI 16 ¶ 20. However, "[a] statute of limitations that is tolled by virtue of fraudulent concealment begins to run when the injured party knows or reasonably should know of his injury and its cause." *Fine*, 582 Pa. at 272. As discussed above, Ms. Williams alleges that she knew of the defect within days after purchasing the Laptop, and the facts alleged show that reasonable diligence would have revealed its connection to the Laptop's manufacture. *See* DI 9 ¶ 41. Her allegation that she did not discover that the defect was "inherent and irremediable" until January 25, 2024, also does not toll the limitations period under the doctrine of fraudulent concealment. *See Fine*, 582 Pa. at 271-72.

5. Application of the applicable tolling doctrines

Having concluded that tolling is appropriate under the supplemental jurisdiction statute and the repair doctrine, applying each doctrine satisfies only some of Ms. Williams's claims. Ms. Williams's state-law claims were pending in federal court for 127 days before they were dismissed on jurisdictional grounds, plus 30 days of additional tolling under 28 U.S.C. § 1367(d). DI 17 at 2. In addition to these 157 days, the Laptop depot repair tolls the limitations period for an additional approximately 60 days. DI 16 ¶ 17. The statute of limitations began to run on the date of Ms. Williams's original purchase, November 13, 2021. Because Ms. Williams filed this present case in state court on March 27, 2026 (*see* DI 1-1), pausing the clock for the approximately 217 days of cumulative tolling means that the statutes of limitations are satisfied as to Counts I, II, V (four years), but exceeded as to Count IV (two years), fraudulent misrepresentation and concealment.[7]

**ii. Failure to State a Claim**

Lenovo next argues that any remaining counts should nevertheless be dismissed under Rule 12(b)(6) for failing to state a claim as a matter of law. DI 14 at 17-26. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

[7] Ms. Williams posits two distinct theories of fraud, but both are barred by the statute of limitations. The first is the pre-sale fraudulent concealment claim, alleging that Lenovo intentionally concealed the Defect from customers. DI 9 ¶¶ 89-90. Such fraud here was realized "within days of purchase" (November 2021) and therefore barred by the statute of limitations under the ordinary analysis. *Id.* ¶ 24. However, Ms. Williams's second theory of fraud relates to a January 2024 statement by Lenovo's representative allegedly misrepresenting that the Laptop's repair had been completed. *Id.* ¶¶ 40-41, 92-94. This claim accrues at the moment the fraud is realized, which Ms. Williams alleges to have been January 25, 2024, the date that Lenovo told her the repairs were in fact not successful. *Id.* ¶ 94. However, this theory of fraud was not asserted in Ms. Williams's prior federal action. Therefore, the 157-day tolling under 28 U.S.C. § 1367(d) does not apply. S*ee Williams v. Lenovo (United States) Inc.*, No. 25-3288, DI 1, ¶¶ 47-50 (E.D. Pa. 2025). Neither can the repair doctrine, as this fraud was realized after the repairs were made. *See* DI 9 ¶¶ 37-41.

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

1. Breach of Express Warranty (Count I)

Under Pennsylvania law, an express warranty arises when a seller's affirmation of fact, promise, or description of goods becomes part of the basis of the bargain, warranting that the goods will conform to that affirmation, promise, or description. 13 Pa. C.S. § 2313(a). The existence of an express warranty requires that the seller "expressly communicate the terms of the warranty to the buyer in such a manner that the buyer understands those terms and accepts them." *Eiser v. Brown & Williamson Tobacco Corp.*, No. 191 EDA 2004, 2006 WL 933394, at *5 (Pa. Super. Ct. Jan. 19, 2006) (quoting *Goodman v. PPG Indus., Inc.*, 849 A.2d 1239, 1243 (Pa. Super. Ct. 2004)). A complaint must state "what the warranty allegedly covered, when it was made, by whom it was made and to whom it was directed." *Luke v. American Home Products Corp.*, No. 1998-C-01977, 1998 WL 1781624, at *6 (Pa. Ct. Com. Pl. Nov. 18, 1998). The complaint must also allege facts that give rise to an inference that the warranty became the "basis" of the specific bargain at issue. *See Dunstan v. Bayer Essure, Inc.*, No. 16-1458, 2017 WL 4392046, at *4 (E.D. Pa. Oct. 3, 2017) (Padova, J.). The complaint must provide the "express" language used in a purported express warranty. *McGrain v. C.R. Bard, Inc.*, 551 F. Supp. 3d 529, 544 (E.D. Pa. 2021) (Quiñones Alejandro, J.).

a. Product Reliability Representations

Ms. Williams first premises her express warranty claim on Lenovo's public Premium Care promotional website material which represented that the Laptop was "a premium, reliable, high-performance consumer laptop." DI 9 ¶ 61. These advertising statements are not

measurable and amount to puffery. *See Sabol v. Ford Motor Co.*, No. 14-6654, 2015 WL 4378504, at *4 (E.D. Pa. July 16, 2015). They are akin to exaggerations or overstatements with broad language and therefore are not actionable. *See Fleisher v. Fiber Composites, LLC*, No. 12-1326, 2012 WL 5381381, at *4 (E.D. Pa. Nov. 2, 2012) (Padova, J.) (quoting *Castrol Inc. v. Pennzoil Co.*, 987 F.2d 939, 945 (3d Cir. 1993)).

b. Repair Services Representations

Ms. Williams's second basis for an express warranty under the Premium Care Warranty is that Lenovo represented it would provide "24/7 technical support, and would dispatch a technician for onsite or expedited repair if a defect could not be resolved remotely." DI 9 ¶ 61; DI 9-1. Unlike generalized promotional statements, this allegation contains specific, measurable promises to provide repair services under identifiable circumstances. Ms. Williams alleges that Premium Care was bundled with the Laptop at the time of purchase, was a material factor in her purchasing decision, and expressly provided for onsite service if remote technical support failed to resolve a defect. DI 9 ¶¶ 17-21. Ms. Williams further identifies the precise warranty language, its publisher, and its one-year period of coverage, from November 13, 2021, through November 12, 2022. *Id.* ¶¶ 17-20.

However, Ms. Williams alleges only that the Premium Care Warranty was "bundled" with the Laptop at purchase and was a material factor in her purchasing decision. DI 9 ¶ 17. She does not identify when Lenovo published the specific Premium Care representations appearing in Exhibit B-1 (the only date available is the 5/11/2026, 7:25 PM website access date), whether those representations were available in November 2021, whether Ms. Williams saw, read, received, or otherwise knew of those representations before purchasing the laptop, or how those

particular promises influenced her purchasing decision. These omissions do not permit a reasonable inference that the Premium Care Warranty terms formed part of the basis of the bargain. *See Dunstan*, 2017 WL 4392046, at *4. Ms. Williams's supporting assertions all relate to experiences *after* the basis for the bargain was established, including her repeated contact with Lenovo regarding the Defect, Lenovo's attempts at remote repairs, and the repairs' failure to resolve the Defect. *See* DI 9 ¶¶ 24-28. Despite the express promise language in the Premium Care Warranty website to dispatch a technician when remote support proved unsuccessful, and the facts supporting that Lenovo never offered onsite service or depot repair during the warranty period, the FAC is insufficient to support an express warranty claim under Pennsylvania law. *See id.* ¶¶ 19(c), 27-29, 63(b).

It is true that, under Pennsylvania law, the existence of an express warranty does not require a plaintiff to read, fully understand, or fully rely on it in seeking its application. *See Samuel-Bassett v. Kia Motors America,* 613 Pa. 371, 412 (2011). The issue here is that, unlike in *Samuel-Bassett*, Ms. Williams has not sufficiently established that the particular promises that appear in the Premium Care Warranty were actually terms during her November 2021 purchase. *See id.* at 429 n.21 ("[A] plaintiff in a breach of warranty claim is required to prove 'reliance' only if there is a disputed issue regarding whether the promise allegedly breached was part of the basis of the bargain or a term of the contract.") (citing *Goodman*, 849 A.2d at 1246). Beyond alleging that the Premium Care Warranty was "bundled" with the Laptop, Ms. Williams pleads no facts establishing that the particular repair representations at issue were in effect at the time of her November 2021 purchase so as to form part of the "basis of the bargain." *See id.*

Neither do Ms. Williams's allegations concerning the November 2023 depot repair

separately establish a breach of any express warranty because, by Ms. Williams's own account, that warranty expired in November 2022. DI 9 ¶ 63(b). Lenovo's subsequent repair and communications do not, without an alleged extension or separate undertaking, establish a separate breach of the expired warranty. Therefore, the motion to dismiss Count I is granted.

2. Breach of Implied Warranty of Merchantability (Count II)

Lenovo next argues that Ms. Williams failed to adequately state a claim for a breach of the implied warranty of merchantability. DI 14 at 23-24. Under Pennsylvania law, a warranty that goods shall be merchantable is implied in a contract if the seller is a merchant with respect to goods of that kind. 13 Pa. C.S. § 2314(a). "Merchantable" goods are those that "are fit for the ordinary purpose for which such goods are used." 13 Pa. C.S. § 2314(b)(3). The goods must be "free from significant defects, that they perform in the way that goods of that kind should perform, and that they be of reasonable quality within expected variations and for the ordinary purpose for which they are used." *Gall v. Allegheny County Health Dep't*, 521 Pa. 68, 75 (1989) (citations omitted).

Ms. Williams sufficiently alleges a significant defect that would inhibit the ordinary use of the Laptop. Ms. Williams plausibly alleges that the Laptop had a latent defect when sold that caused it, within days of purchase, to enter a sleep state from which it could not recover without a forced shutdown and loss of unsaved work, and that the Defect recurred throughout her ownership. DI 9 ¶¶ 24-25, 72-74. Those allegations describe a defect in a laptop's ordinary operation, not merely a product that failed to meet Ms. Williams's preferred specifications. *See id.* ¶ 24.

Lenovo's main contention is that Ms. Williams waived the implied warranty of

merchantability via a separate "Warranty Services Agreement" or, in the alternative, via longstanding use of the product with apparent knowledge of any alleged defect. *See* DI 14 at 23-24. These arguments do not permit dismissal at this stage. The "Warranty Services Agreement" on which Lenovo relies is not alleged to have been delivered to or accepted by Ms. Williams. In fact, the FAC specifically alleges that Ms. Williams never agreed to it and that the bundled Premium Care Warranty was the only Lenovo service warranty applicable to the Laptop. DI 9 ¶¶ 22-23. The pleadings do not establish that the disputed "Warranty Services Agreement" governed the sale or that Ms. Williams accepted its disclaimer.

Neither does Ms. Williams's continued use of the Laptop establish, as a matter of law, that the product was merchantable when sold or that she waived an implied warranty. *See Osness v. Lasko Products, Inc.*, 868 F. Supp. 2d 402, 411-13 (E.D. Pa. 2012). The FAC plausibly alleges that the Laptop was unmerchantable when sold and that any "continued use" of the Laptop was mired by the Defect and continued requests for repairs. DI 9 ¶¶ 24-27. The motion to dismiss Count II is therefore denied.

3. Violations of Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) (Count III)

Lenovo next seeks to dismiss Ms. Williams's claim that Lenovo conducted unfair or deceptive acts or practices in violation of Pennsylvania's UTPCPL. *See* DI 9 ¶¶ 76-80; 73 P.S. §§ 201-2(4)(v), (vii), (xiv), (xxi). Ms. Williams claims Lenovo fraudulently represented that the Laptop (1) had characteristics, uses, benefits, or quantities that it did not have; (2) was of a particular standard, quality or grade which it was not; (3) was manufactured and sold in violation of the terms of the warranty; and (4) was manufactured and sold through fraudulent or deceptive conduct that created a likelihood of confusion or of misunderstanding. *Id.*

In support of dismissal for each of these claims, Lenovo makes two main arguments. First, Lenovo argues that Ms. Williams has not alleged sufficient personal use of the laptop to circumvent the UTPCPL's requirement that the goods be limited for personal use rather than business use. DI 14 at 18-19. However, reading the FAC in the light most favorable to Ms. Williams suggests otherwise. *See* DI 9 ¶ 77 ("Plaintiff is a person who purchased goods primarily for personal, family, and household purposes."); ¶ 15 ("Personal and academic use exceeded business use.").

Lenovo's better argument is that Ms. Williams's UTPCPL claims violated Federal Rule of Civil Procedure 9(b), which requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." This standard applies to UTPCPL claims based on fraudulent misrepresentations. *See Butakis v. NVR, Inc.*, 668 F. Supp. 3d 349, 359 (E.D. Pa. 2023) (Robreno, J.); *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 498 n.33 (3d Cir. 2013). Ms. Williams was therefore required to "plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). She has not.

First, Ms. Williams premises her § 201-2(4)(v) and (vii) claims, which both deal with characteristics and quality representations, on Lenovo's alleged marketing representations that the Laptop was a "premium, reliable, high-performance" product with "seamless transitions between operating states," and was of a "premium standard, quality, and grade." DI 9 ¶¶ 78-79. As discussed above, these claims are non-actionable puffery which are neither specific nor measurable. *See Castrol Inc. v. Pennzoil Co.*, 987 F.2d 939, 945-46 (3d Cir. 1993). Because Ms. Williams does not identify with particularity where, when, or in what specific advertisement

Lenovo made pre-sale statements to her beyond the generalized puffery of its advertisement, the representation component of UTPCPL §§ 201-2(4)(v) and (vii) is insufficient as to the quality representations made by Lenovo.

Second, Ms. Williams's UTPCPL claim under Section 201-2(4)(xiv) relates to Lenovo's failure to provide adequate repair services as promised in the Premium Care Warranty, including specific assurances to "provide 24/7 support, onsite support and rapid repairs." DI 9 ¶¶ 19, 80. However, this pleading also requires demonstrating a plaintiff's "justifiable reliance" on this failure that caused an ascertainable loss. *See* 73 P.S. § 201-9.2(a); *Gregg v. Ameriprise Financial, Inc.*, 664 Pa. 567, 582 (2021) ("Regardless of which unfair method of competition a plaintiff challenges in a private cause of action, therefore, Section 201-9.2 requires the plaintiff to establish justifiable reliance"). As discussed above, Ms. Williams has alleged no facts that the particular repair promises were in effect or communicated to her at any relevant time to sufficiently establish "justifiable reliance" connected to any economic loss.[8] The $1,499 purchase price, loss of use, and other consequential injuries do not plausibly relate to any facts establishing requisite knowledge of, or applicability of, the Premium Care Warranty agreement that caused any additional economic injury, in violation of Rule 9(b). DI 9 ¶¶ 39, 83-84.

Third, Ms. Williams's reliance on the UTPCPL's catchall provision, Section 201-2(4)(xxi), fares no better for the same reasons. Under the catch-all, the test for deceptive conduct is "whether the conduct has the tendency or capacity to deceive." *Gregg*, 664 Pa. at 587. But

[8] Pennsylvania courts have treated the UTPCPL's "justifiable reliance" requirement as analogous to the "basis of the bargain" analysis for breach of warranty discussed *supra*. *See Eisen v. Independence Blue Cross*, No. 2705 Aug. Term 2000, 2002 WL 1803721, at *13 n.19 (Pa. Ct. Com. Pl. 2002).

again, this claim requires a justifiable reliance that causes ascertainable loss. *See Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 227 (3d Cir. 2008). Ms. Williams has not pleaded facts that establish sufficient reliance on the Premium Care Warranty during any point of alleged fraud (before, during, or after the warranty period). *See id.*

Ms. Williams's independent allegation of deceptive pre-sale nondisclosure of the Defect also does not state a valid UTPCPL claim. The Pennsylvania Supreme Court has recently confirmed that the UTPCPL, although liberally construed, may include deceptive omissions under the catchall provision only when there is a legal duty to disclose. *See Halpern v. Ricoh U.S.A., Inc.*, 353 A.3d 1264, 1273-75 (Pa. 2026). Ms. Williams alleges only that Lenovo possessed superior knowledge of the Defect (DI 9 ¶¶ 89-90); she does not allege facts to support her conclusion that Lenovo had a legal duty to disclose it before the sale. *See Halpern*, 353 A.3d at 1274-75. Lenovo's alleged knowledge of the Defect, without more, does not transform its silence into actionable deception under the UTPCPL. *See id.* at 1275.

Therefore, Lenovo's motion is granted as to all UTPCPL claims under Count III.

4. Unjust Enrichment (Count V)

Lenovo next seeks dismissal of Ms. Williams's unjust enrichment claim. DI 14 at 24-25. In Pennsylvania, the elements necessary to prove unjust enrichment are: (1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. *Schenck v. K.E. David, Ltd.*, 446 Pa. Super. 94, 97 (1995). A plaintiff is permitted to plead alternative theories of recovery based on both breach of contract and unjust enrichment. *See* Fed. R. Civ. P. 8(d)(2), (3).

Lenovo argues that Ms. Williams's unjust enrichment claim is premised on a breach of the written Premium Care Warranty and therefore must be dismissed. DI 14 at 25. Specifically, Lenovo contends that "there are zero facts to support a lack of contract" and urges this court to construe Ms. Williams's conditional allegation, "[t]o the extent that no . . . contract is found," as an admission that a contract exists. *Id.* (quoting DI 9 ¶ 102). It is true that "unjust enrichment [is] inapplicable when the relationship between parties is founded on a written agreement or express contract." *Schott v. Westinghouse Elec. Corp.*, 436 Pa. 279, 290 (1969). In our view, however, far from constituting an admission that an enforceable contract exists, Ms. Williams's conditional allegation does precisely what Rule 8 permits: preserves an alternative theory of recovery should the evidence not permit Ms. Williams to establish an enforceable contract. *See* Fed. R. Civ. P. 8(d)(2), (3). At this stage, any uncertainty surrounding the existence of an enforceable contract governing the parties' dispute permits Ms. Williams's unjust enrichment claim to proceed in the alternative, notwithstanding the written Premium Care Warranty. *See Fleisher,* 2012 WL 5381381, at *14. As such, Lenovo's motion to dismiss Count V is denied.

c. Punitive Damages

Lenovo also contends that Ms. Williams's claim for punitive damages must be dismissed because it is premised on a contract claim and does not aver facts to plausibly plead "reckless indifference." DI 14 at 25-26. Ms. Williams responds that her punitive claim is tied only to the fraud and UTPCPL claims (Counts III and IV), independent of her contract claims, and that the FAC rests on specific facts, not conclusions, to sufficiently plead recklessness. DI 16 at 19-20.

Having already dismissed the claims on which Ms. Williams's punitive damages rely (Counts III and IV), Ms. Williams's claims for punitive damages are hereby unavailable as a

matter of law. *See Galdieri v. Monsanto Co.*, 245 F. Supp. 2d 636, 652 (E.D. Pa. 2002) (concluding that punitive damages claims may be dismissed where "no vehicle exists" for a punitive damage award).[9]

d. Jury Demand

Lenovo also moves this court to strike Ms. Williams's demand for a jury trial as to any of Ms. Williams's remaining claims on the grounds of contractual waiver pursuant to the "Warranty Services Agreement." DI 14 at 27. Under Federal Rule of Civil Procedure 39(a), a jury trial demand must be honored unless the parties stipulate otherwise or the court finds that there is no federal right to a jury trial on some or all issues. The right to a trial by jury can be expressly or impliedly waived by the parties so long as it is done voluntarily and knowingly. *Lifestyle Real Estate Lender, LLC v. Rappaport*, No. 21-1781, 2025 WL 2857496, at *3 (E.D. Pa. Oct. 8, 2025) (citing *First Union Nat'l Bank v. U.S.*, 164 F. Supp. 2d 660, 663 (E.D. Pa. 2001)). The movant has the burden of demonstrating a contractual waiver of the jury right. *Id.*

Here, Lenovo's burden is not satisfied. The FAC specifically alleges that Ms. Williams did not "separately purchase, pay any additional consideration for, or otherwise contract for any Lenovo 'Warranty Services Agreement.'" DI 9 at 8. Nowhere in the FAC do we find any evidence of Ms. Williams ceding to the terms of the "Warranty Services Agreement," nor does

[9] There is no independent basis for punitive damages in any of the surviving claims. *See Greenwald Caterers Inc. v. Lancaster Host, LLC*, 599 F. Supp. 3d 235, 249-50 (E.D. Pa. 2022) (applying Pennsylvania law) ("Punitive damages are not recoverable under the UCC for breach of warranty. Furthermore, punitive damages are not recoverable under Pennsylvania common law for breach of warranty.") (quoting *Citizens Bank of Pa. v. Chevy Chase Bank*, No. 03-5208, 2004 WL 875499, at *3 (E.D. Pa. Mar. 22, 2004)) (internal citations omitted); *Williamsburg Commons Condominium Ass'n v. State Farm Fire & Cas. Co.*, 907 F. Supp. 2d 673, 680 n.7 (E.D. Pa. 2012) (Brody, J.) (applying Pennsylvania law) ("Unjust enrichment . . . is a 'quasi-contract' remedy for which punitive damages are not available").

Lenovo point to any facts that this agreement was supplied to, signed by, or even acknowledged by Ms. Williams at the relevant time of purchase. As such, the record is insufficient to conclude, as a matter of law, that the right to trial by jury, properly demanded and preserved by Ms. Williams, is now unavailable as to the surviving claims.

e. Attorney's Fees, Costs, and Sanctions

Lenovo makes several additional requests that we decline to grant. First, Lenovo endeavors to strike "Plaintiff's request for attorney's fees." DI 14 at 27-28. But Ms. Williams does not request attorney's fees, she requests costs of suit as allowed under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, together with "any other costs and fees recoverable by law." *See* DI 9 at 30. It would be inappropriate to dismiss such a prayer for relief at this stage of the litigation.

Second, Lenovo requests that this court award its own reasonable attorney's fees and costs, and seeks Rule 11 sanctions, associated with Ms. Williams's "vexatious and harassing tactics in relitigating the same issues from June 26, 2025, through July 8, 2026, via all of her proper and improper filings." DI 14 at 28. Lenovo's invocation of Ms. Williams's prolific litigation history tells this court little it does not already know.[10] However, a motion for

[10] We cannot say that the Williamses always approach litigation vexatiously or frivolously. The dockets speak for themselves, reflecting many weak or overly complex arguments, but also meritorious ones. Our main concern is that they have a tendency to generate enormous amounts of work for rather minor disputes; whether this crosses the border to vexatious and harassing tactics is a question for another day. *See Williams v. New Cingular Wireless PCS, LLC*, No. 26-5679 (E.D. Pa. 2026) (Murphy, J.); *Williams v. Federal Express Corporation*, No. 26-1369 (E.D. Pa. 2026) (Murphy, J.); *Williams v. New Cingular Wireless PCS, LLC*, No. 26-4848 (E.D. Pa. 2026) (Murphy, J.); *Williams v. Turo, Inc.*, No. 25-4849 (E.D. Pa. 2025) (Murphy, J.); *Williams v. Cellco Partnership*, No. 25-4803 (E.D. Pa. 2025) (Murphy, J.); *Williams v. Thumbtack, Inc.*, No. 25-3541 (E.D. Pa. 2025) (Murphy, J.); *Williams v. Pirelli Tire LLC*, No. 25-3477 (E.D. Pa. 2025) (Murphy, J.); *Williams v. Onaghise*, No. 24-2510 (E.D.

sanctions under Rule 11 "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Accordingly, Lenovo's request for Rule 11 sanctions is also denied.

Lastly, Lenovo argues that any surviving claims should be subject to compulsory arbitration because any surviving amount in controversy would not exceed $150,000. DI 14 at 28. As plaintiff points out, Local Civil Rule 53.2 assigns the designation of eligible cases to the Clerk of Court and provides for scheduling arbitration after an answer is filed. *See* L. Civ. R. 53.2(3)(A), (4)(A). Accordingly, we leave any determination concerning compulsory arbitration to the procedures established by that Rule or discussion at the appropriate time in this case.

---

Pa. 2024) (Murphy, J.); *Williams v. Rent 2 Own Trailers, LLC*, No. 24-354 (E.D. Pa. 2024) (Murphy, J.); *Williams v. Mercedes-Benz USA*, No. 24-932 (E.D. Pa. 2024) (Murphy, J.); *Williams v. Trans Union LLC*, No. 23-1183 (E.D. Pa. 2023).

## V. CONCLUSION

We grant Lenovo's motion as to Counts I, III, and IV, which are hereby dismissed with prejudice.[11] The motion is denied as to Counts II and V.

---

[11] Given the protracted nature of this litigation, Ms. Williams's multiple opportunities for filing, and Ms. Williams's filing habits in this District, we believe dismissal with prejudice is appropriate. It would be futile to relitigate the dismissed claims here. *See Vurimindi v. City of Philadelphia*, 521 F. App'x 62, 65 (3d Cir. 2013). We remind Ms. Williams that while she has every right to pursue claims in federal court, that right carries a corresponding obligation under Federal Rule of Civil Procedure 11 "to refrain from frivolous and vexatious litigation." *Miller v. Lancaster Cnty.*, No. 24-14, 2025 WL 675451, at *2 (M.D. Pa. Mar. 3, 2025). Specifically, by presenting a pleading to this court, Ms. Williams certifies that her legal contentions are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law." Fed. R. Civ. P. 11(b)(2). Although pro se litigants are afforded considerable latitude, they "are not excused from the requirements of Rule 11." *Asanov v. Davidson*, No. 06-611, 2007 WL 1140632, at *6 (M.D. Pa. Apr. 17, 2007). This court has devoted **substantial judicial resources** to respectfully untangling various legal theories asserted by Ms. Williams in this case and her other cases. Continued pursuit of claims without a reasonable basis in law or fact may warrant sanctions under Rule 11(c). The federal courts remain open to meritorious claims, but they are not an appropriate forum for the indiscriminate pursuit of every conceivable grievance.